UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS<br>and SIERRA CLUB<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND<br>MANAGEMENT,<br><br>    Federal Defendant,<br><br>and<br><br>THE STATE OF WYOMING<br><br>    Intervenor-Defendant. | Civil No. 12-708 (RCL) |

## MEMORANDUM OPINION

Plaintiffs Wildearth Guardians and Sierra Club brought this action challenging four decisions by the U.S. Bureau of Land Management ("BLM") to authorize the sale of federal coal leases in Wyoming's Powder River Basin. BLM moved the Court to transfer the action to the District of Wyoming. Def.'s Mot. to Transfer, ECF No. 18. For reasons given below, the Court will GRANT this motion.

I.  BACKGROUND

In 2011 and 2012, BLM authorized the sale of four coal leases in Wyoming's Powder River Basin: the North Porcupine, South Porcupine, North Hilight, and South Hilight leases. Record of Decision ("ROD") for North Porcupine, ECF No. 19-3; ROD for South Porcupine, ECF No. 19-2; ROD for North Hilight, ECF No. 19-4; ROD for South Hilight, ECF No. 19-1;

*see also* Compl. ¶¶ 6, 38–48, 70.  When taking these actions, BLM relied on a single Final Environmental Impact Statement ("FEIS") covering all four of the leases.  Compl. ¶ 70; *see generally* ROD for North Porcupine; ROD for South Porcupine; ROD for North Hilight; ROD for South Hilight.

Because some of the coal at issue in these leases underlies National Forest lands, the consent of the U.S. Forest Service ("the Service") to the sale of those tracts was also required before the leases could be sold.  *See* 43 C.F.R. § 3420.4–2.  The Service provided the necessary consent for the North Porcupine and South Porcupine tracts, relying on the impact analysis in the same FEIS to do so.  *See* First Am. Compl. ¶ 15, *WildEarth Guardians v. USFS* (hereinafter "Wyoming First Am. Compl."), 12-cv-85, ECF No. 94 (D. Wyo. Nov. 19, 2012); *see also* ROD for North Porcupine 2; ROD for South Porcupine 2.

In late 2011, the present plaintiffs filed a separate suit in the District of Colorado[1] (hereinafter "the Forest Service case") challenging the Service's consent regarding the North and South Porcupine leases.[2]  *See WildEarth Guardians v. USFS*, 2012 WL 1415378 (D. Colo. Apr. 24, 2012).  They argue, among other things, that the analysis in the FEIS was inadequate under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq*., and that the Service's consent to the sale of the two tracts was unlawful because it was based on that faulty analysis.  *See* Wyoming First Am. Compl. ¶¶ 185–211.  In April 2012, on the Service's motion, Judge John Kane transferred the Forest Service case to the District of Wyoming.  *WildEarth Guardians,* 2012 WL 1415378.

---

[1] Plaintiffs explain that they selected this venue "because of the availability of free legal counsel from the University of Colorado Law School's Natural Resources Law Clinic." Pls.' Resp. 5 n.1.

[2] The suit initially challenged the Service's approval of only one lease (South Porcupine), but, after the case was transferred to Wyoming, the plaintiffs added a second (North Porcupine).  *See* Wyoming First Am. Compl. ¶¶ 9, 11–12, 15–16.  Both leases are also at issue in the present case.

Plaintiffs filed the present action in May 2012 arguing, among other things, that the FEIS was inadequate under NEPA and that BLM's decisions to authorize the sale of all four leases were thus also unlawful insofar as they were made in reliance on that faulty analysis. *See* Compl. ¶¶ 98–109.

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also In re Whittman,* 2001 WL 238171, at *1 (D.C. Cir. Feb. 14, 2001) (per curiam) (holding that the "court's conclusion that transfer was appropriate is to be accorded great deference"). The movant "bears the burden of establishing that the transfer of this action is proper." *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001).

When considering a motion to transfer under section 1404, courts must balance the "convenience of the parties and witnesses" and the "interests of justice." § 1404(a). Under the "convenience" factor, courts consider several "private" interests including: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; and (4) the convenience of the witnesses and other sources of proof. *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 46 (D.D.C. 2006); *Trout Unlimited v. USDA*, 944 F. Supp. 13, 16 (D.D.C. 1996). Under the "interest of justice" factor, courts consider several "public" interests including: (1) the desire to avoid multiplicity of litigation as a result of a single transaction or

event; (2) the local interest in deciding local controversies at home; and (3) the relative familiarity of both venues with the governing laws. *See Harvey*, 437 F. Supp. 2d at 46 (listing the second and third interests); *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 76 (D.D.C. 2004) (same); *Trout Unlimited*, 944 F. Supp. at 16 (same); *Hawksbill Sea Turtle (Eretmochelys Imbricata) v. FEMA*, 939 F. Supp. 1, 4 (D.D.C. 1996) (listing the first and second interests); *see also Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 56 (D.D.C. 2000) ("The interests of justice are better served when a case is transferred to the district where related actions are pending.").

### III. ANALYSIS

BLM has met its burden to show transfer is proper because the action could have been brought in the District of Wyoming, the "private" interests are not dispositive, and the "public" interests weigh decisively in favor of transfer.

#### A. The Action Could Have Been Filed in the District of Wyoming

Venue is proper in an action against the United States in "any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(e)(1). This action "might have been brought" in the District of Wyoming, *see* § 1404(a), because the tracts of land at issue are located there and the contested regulatory actions took place there. *See* Compl. ¶¶ 1, 6. Plaintiffs do not contest this point.

#### B. The Private Interests Are Not Dispositive

The "private" interests weigh on both sides of the issue and are not dispositive.

Plaintiffs' choice of forum weighs against transfer, but only weakly. This choice should ordinarily be afforded "substantial deference," but will be entitled to "diminished consideration" when the chosen forum "has no meaningful ties to the controversy and no particular interest in

Case 1:12-cv-00708-RCL   Document 26   Filed 02/13/13   Page 5 of 7

the parties or subject matter." *The Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 13 (D.D.C. 2000); *see also Trout Unlimited*, 944 F. Supp. at 17; Here, the District of Columbia has "no meaningful ties to the controversy" because the central dispute concerns land located in Wyoming and arises out of acts by BLM in that district.  That another action brought by the present plaintiffs regarding other federal Wyoming coal land without reference to the FEIS at issue in this case is currently pending in our district[3] only shows that the minimal requirements of venue may be satisfied here, not that the connection between this forum and the controversy is particularly "meaningful."  And, that Secretary of the Interior Ken Salazar traveled from D.C. to Wyoming to announce the contested actions, *see* Nat'l Park Service News Release, ECF No. 22-2, might indicate a substantial interest in the underlying issue in Washington, but could just as easily signify that the issue was important mainly within the state of Wyoming.  One plaintiff, Sierra Club, has an office in this district, but only members and staff from other districts participated in the public comment phase of the FEIS process.  *See* Def.'s Mot. to Transfer 11 (citing comment letters).  Accordingly, plaintiffs' choice of forum is only worthy of "diminished consideration," and thus weighs only weakly against transfer.

Against this, the defendant's choice of forum weighs in favor of transfer, as does the fact that the claim arose elsewhere—*i.e.* in Wyoming.  The convenience of witnesses and other sources of proof is not relevant here because the case will be decided on the basis of the administrative record.  Accordingly, that interest does not help either side.

In sum, the "private" interests cancel each other out.

---

[3] *See WildEarth Guardians v. BLM*, 11-cv-1481 (D.D.C. filed Aug. 16, 2011).  Plaintiffs also cite a second analogous case *WildEarth Guardians v. Salazar*, 10-cv-1174, for which they appear to have provided an incorrect case number. *See* Pls.' Resp. 2, 3.  Since plaintiffs' filing, Judge Kollar-Kotelly has granted defendants' motion for summary judgment in that case, *see Wildearth Guardians v. Salazar*, 880 F. Supp. 2d 77 (D.D.C. 2012), and plaintiffs have filed notice of appeal.  *See* Notice of Appeal, *WildEarth Guardians v. Salazar*, 10-cv-1174, Sept. 26, 2012, ECF No. 101.  That case involves federal coal land in Wyoming, but did not concern the FEIS at issue in the present case.

C. **The Public Interests Weigh Decisively In Favor of Transfer**

In contrast, the "public" interests weigh decisively in favor of transfer.

Most importantly, the desire to avoid multiplicity of litigation as a result of a single transaction or event weighs heavily in favor of transfer. The Forest Service case addresses two of the same BLM leasing decisions at issue in the present case. *See* Wyoming First Am. Compl. ¶ 15 (challenging the Service's consent regarding the proposed sale of North Porcupine and South Porcupine leases). More importantly, the Forest Service case raises NEPA claims about the FEIS very similar to those raised in the present matter in order to undermine these actions. *Compare* Compl. ¶¶ 102–109 (challenging the FEIS under NEPA for failing to adequately analyze air quality and climate change impacts; a reasonable range of alternatives; and reasonable mitigation measures)*, with* Wyoming First Am. Compl. ¶¶ 185–211 (challenging the same FEIS for some of identical reasons some that are very similar). Allowing the two cases to go forward in different districts would create the possibility for conflicting judgments and would unnecessarily squander judicial resources. This "public" interest weighs heavily in favor of transfer.

The local interest in deciding local controversies at home also weighs in favor of transfer. As Judge Kane held in his opinion granting the motion to transfer the case from Colorado to Wyoming: "The challenged project would have substantial impacts on the local economy," and "[c]onsidered as a whole, the magnitude of these local interests weigh heavily in favor of transfer." *WildEarth Guardians*, 2012 WL 1415378, at *4. The recognition of the significant local interest in this matter does not refute the national importance of the land management,

energy, and environmental concerns raised by this case. It does, however, provide an additional reason to transfer this case to Wyoming.

In sum, the "public" interests weigh heavily in favor of transfer.

## IV. CONCLUSION

The Court will GRANT BLM's motion to transfer the case, and will transfer the case to the District of Wyoming.

An order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on February 13, 2013.